[Civ. No. 20785.   Second Dist., Div. Two.   Oct. 25, 1955.]

WYN RUMMLER, Appellant, v. RUTH ACKERKNECHT, Respondent.

Wyn Rummler, in pro. per., for Appellant.

Engelhardt & Campbell for Respondent.

McCOMB, J.—From a judgment in favor of defendant after trial before the court without a jury, in an action to recover damages for malicious prosecution, plaintiff appeals.

*Facts*: Defendant filed a complaint charging plaintiff with violating section 311 of the Penal Code (indecent exposure). Thereafter, plaintiff was arrested and incarcerated for 45 days. When the matter came on for trial, the action was dismissed on the court's own motion. Thereupon plaintiff

instituted the present action and after trial the judge found, among other facts, that defendant had probable cause for instituting the criminal action against plaintiff.

The sole question necessary for us to determine is *whether the finding of the trial court that defendant had probable cause for instituting the criminal action against plaintiff is sustained by the evidence.*

This question must be answered in the affirmative. ▮ The rule is accurately stated by Mr. Justice Vallée in *Centers* v. *Dollar Markets,* 99 Cal.App.2d 534, 540 [2] [222 P.2d 136] : "The burden was on plaintiff to prove that a defendant did not have reasonable grounds for believing that the facts alleged in the complaint were true in order to recover compensatory damages against that defendant. (*Brock* v. *Southern Pac. Co.,* 86 Cal.App.2d 182, 194 [195 P.2d 66] ; *Sebastian* v. *Crowley,* 38 Cal.App.2d 194, 203 [101 P.2d 120].) ▮ Probable cause does not depend upon the possession of facts which satisfactorily prove the guilt of an accused person. It has reference to the common standard of human judgment and conduct. It exists if one is possessed of information or facts which are sufficient to cause a reasonable person to honestly believed the charge is true. (Citing cases.)"

▮ The record in the instant case discloses that three little girls, ages 6 to 9, had complained to defendant that a man answering plaintiff's description had made an indecent exposure before them. Thereafter plaintiff, who resembled the man described by the little girls was apprehended and brought before the children, who identified him as the offender. The police officers who apprehended plaintiff were convinced that he was the guilty man, as was defendant's sister, to whom the children had first reported the incident in the absence of defendant. The little girls did not vary their testimony nor their identification of plaintiff in the two criminal trials which resulted in disagreements.

Clearly, the foregoing evidence sustains the trial court's finding that defendant instituted the criminal action with probable cause pursuant to the rules set forth above. Hence, there was a total absence of one of the essential elements of plaintiff's cause of action for malicious prosecution and judgment was properly rendered in favor of defendant.

In view of our conclusions it is unnecessary to discuss other questions raised by plaintiff.

Affirmed.

Moore, P. J., and Fox, J., concurred.